# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

ALBERT HERNANDEZ                                                                                         PLAINTIFF
ADC #65214

V.                                         NO: 2:09CV00036 SWW/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the

1

        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Diagnostic Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 26, 2009, alleging that he is not being provided with adequate mental health care, and requesting transfer to the Arkansas State Hospital, or a hospital in California. Plaintiff was granted leave to amend his complaint several times (docket entries #5, #13, & #14). According to Plaintiff's complaint, if his mental health needs are not met, he is at risk of committing suicide, because that is what his deceased mother's voice tells him to do.

On October 26, 2009, a pre-jury evidentiary hearing was held, after which the Court entered an order allowing the parties an opportunity to file motions for summary judgment (docket entry #78). Motions for summary judgment, briefs in support, and statements of fact, were filed on November 20, 2009, by Defendants Peter Edwards (docket entries #83-#85), and Wendy Kelley and

Robert A. Parker (docket entries #86-#88). Kelley and Parker also filed an affidavit in support of their motion (docket entry #89). Plaintiff filed responses on November 25, 2009 (docket entry #90), and on December 1, 2009 (docket entry #91).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, and testimony at the hearing, he is being denied adequate mental health care. Plaintiff alleges that he specifically needs Valium, and needs to be transferred to a hospital. At the time of the hearing, Plaintiff was being held at the ADC's East Arkansas Regional Unit ("EARU"), and testified that he had been under suicide watch for more than a year.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison

officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

A. *Defendants Wendy Kelley and Robert A Parker*

Parker and Kelley assert, among other things, that they cannot be held liable for decisions regarding Plaintiff's mental health treatment when they have no medical expertise. Plaintiff agrees that Kelley should be dismissed as a Defendant (docket entry #91, page #4), but asserts that Parker's master's degree in psychology and position as an "overseer" make him liable for his alleged failure to help Plaintiff. Although Parker may have a master's degree in psychology, there is no reason to believe Parker had any authority to overrule the treatment decisions made by psychiatrists who were treating Plaintiff. Parker introduced a March 3, 2009, report from Edwards, in which Edwards, a psychiatrist, evaluated Plaintiff and found no evidence of psychosis, delusions, hallucinations, blockings, derailment, confusion, or disorganization. Edwards did diagnose a personality disorder, and approved Haldol and Cogentin, which he believed might reduce Plaintiff's aggression, if

Plaintiff wished to try it. Edwards specifically said Plaintiff should not be moved to another unit, as such an action would have the effect of rewarding Plaintiff's manipulative behavior (docket entry #86, exhibit K). Parker also introduced a May 15, 2009, report from Raymond Molden, M.D., a psychiatrist, who is Plaintiff's current treating physician. Molden suspected malingering and manipulative behaviors, but recommended a trial of lithium (docket entry #86, exhibit V). Molden increased Plaintiff's lithium on July 17, 2009 (docket entry #86, exhibit X). Molden saw Plaintiff again on August 21, 2009, writing that he believed Plaintiff's auditory hallucinations were malingering and manipulative (docket entry #86, exhibit Y). At that time, Molden discontinued the lithium as ineffective, and encouraged the use of coping skills. Molden had a similar assessment after a September 11, 2009, visit (docket entry #86, exhibit Z).

In addition to submitting evidence of treatment by Edwards and Molden, Parker has also provided documentation of numerous instances when Plaintiff was either offered evaluation or treatment that he refused, or that he was provided with mental health services or evaluation by various providers. The documentation provided, attached to docket entry #86, dates from as early as January 13, 2009.

There is no indication that any medical professional has prescribed medications that have not been provided, or that a recommended transfer was denied. Rather, it appears that the treatment recommendations offered by Plaintiff's medical providers have been provided. Accordingly, Plaintiff has introduced no evidence of any constitutional violation by Parker. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were

referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).

*B. Defendant Peter Edwards*

Edwards was one of the psychiatrists treating Plaintiff while he was held at the EARU. According to a declaration submitted by Edwards, Edwards has treated Plaintiff for his mental health issues for more than 10 years (docket entry #85, exhibit A). Edwards asserts that Plaintiff refused to see him in the psychiatric clinic, and he would therefore not prescribe any more medications. Edwards did offer his opinion that Plaintiff was being appropriately treated. Plaintiff has introduced no evidence that any medical provider has recommended that he be treated with Valium, or that he should have been transferred to a different unit earlier. At most, Plaintiff can establish that he disagrees with the treatment provided by Edwards, which, as discussed above, is not actionable. No material facts remain in dispute, and Edwards is entitled to summary judgment. *See Dulaney v. Carnahan*, 132 F.3d 1240 (in the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the motions for summary judgment filed by Defendants Peter Edwards (docket entry #83), and Wendy Kelley and Robert A. Parker (docket entry

---

[1] To the extent that Plaintiff alleges he is at risk of harming himself, the Court notes that, in light of the voluminous mental health records Defendants have presented, and Plaintiff's hearing testimony that he was under suicide watch at the EARU, there is no evidence that any Defendant has been deliberately indifferent to a risk of harm faced by Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(requiring prisoners to prove deliberate indifference by officials in order to prevail on claim of failure to protect from risk of harm).

#86) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this  20   day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE